1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| SLPR, LLC, et al., | CASE NO. 06 CV 1327 MMA (POR) |
|---|---|
| Plaintiffs, | **ORDER DENYING FEDERAL DEFENDANTS' MOTION FOR RECONSIDERATION** |
| vs. | |
| THE SAN DIEGO UNIFIED PORT DISTRICT; UNITED STATES ARMY CORPS OF ENGINEERS, and UNITED STATES NAVY, | [Doc. No. 191] |
| Defendants. | |

Now before the Court is the Federal Defendants' motion for reconsideration of the Court's August 4, 2009 Order which granted Plaintiffs' motion for summary judgment on their fifth cause of action and denied the Federal Defendants' cross motion [Doc. No. 161]. The Court submitted the motion without oral argument. Local Civ. R. 7.1.d.1. For the following reasons, the Court **DENIES** the motion for reconsideration. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

## DISCUSSION

*1.  Legal Standard*

Rule 60(b)[1] of the Federal Rules of Civil Procedure provides for reconsideration

---

[1] A motion to alter or amend a judgment must be made within twenty-eight (28) days of entry of judgment. Fed. R. Civ. P. 59(e). Here, the Court's order was entered on August 4, 2009, and the present motion was filed on November 24, 2009, well beyond the twenty-eight day period. As such, the motion to reconsider is untimely under Rule 59(e) and

- 1 -

where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. A Cand S Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Federal Defendants do not reference Rule 60(b) in their moving papers, and do not argue that reconsideration should be based on subparagraphs (1) through (5). Therefore the Court *sua sponte* considers the motion pursuant to Rule 60(b)(6). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. *Twentieth Century -- Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

The Court notes that Rule 60(b)(6) "is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006). Here, Federal Defendants fail to show how the Court's August 4, 2009 order is manifestly unjust, nor do they demonstrate that extraordinary circumstances exist. Nevertheless, the Court addresses the substantive issues raised in the motion below.

*2. Analysis*

Federal Defendants first request the Court reconsider its determination that the Army Corps' of Engineers ("ACOE") consistency determination was arbitrary and capricious because it failed to address the ACOE's 2001 Coronado Shoreline Report. After the hearing, the Ninth Circuit decided *River Runners for Wilderness v. Martin*, 574 F.3d 723 (9th Cir. 2009). Federal Defendants argue this case shows that an apparent inconsistency between the ACOE's consistency determination *and* the earlier Coronado

---

should be considered under Rule 60(b). *Am. Ironworks & Erectors, Inc. v. N. Am. Contr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).

Shoreline Report does not automatically render the agency's action arbitrary and capricious. Federal Defendants focus on the discussion as to whether the policy at issue in *Martin* had the "force and effect of law" and argue that the Coronado Shoreline Report in the instant case does not qualify as a binding legal obligation. *See id.* at 731-33.

The *Martin* decision does not require this Court to reconsider its decision.[2] The plaintiffs in *Martin* sought to characterize a agency document as a binding policy and argued they had the right to enforce it in court. By contrast, no one in this case ever suggested that the Coronado Shoreline Report was policy, that it was mandatory, that it created a substantive right, or that ACOE did not give a "reasoned analysis" for changing an earlier policy decision. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 57 (1983). The issue in the fifth cause of action was whether the Federal Defendants considered (or not) the impact that the 2004 dredging project would have on shoreline erosion and the analysis in the Coronado Shoreline Report illustrated that it was an important issue to the Plaintiffs' homes on First Street. The Court found that Federal Defendants "entirely failed to consider an important aspect of the problem" in violation of the Administrative Procedures Act ("APA"). *Id.* at 57; 43 5 U.S.C. § 706(2)(A). In *Martin*, 574 F.3d at 730, the agency had exhaustively considered the "aspect of the problem" that the plaintiffs wanted enforced (there, whether motorized rafts impacted the wilderness character of a river).

As to the related assertion that the Court incorrectly framed the issue and should have required the Plaintiffs to establish a causal connection between ship wakes and erosion, the Court agrees with Plaintiffs' analysis. "[T]he precise point of Plaintiffs' complaint" is that "[t]he record provides no connection between ship wakes and the

---

[2] Federal Defendants' citation to *Southwest Center for Biological Diversity v. United States Forest Service*, 100 F.3d 1443 (9th Cir. 1996) is unavailing. In that case, the plaintiffs argued that the Forest Service failed to comply with a Memorandum of Agreement in which it committed to involving the Fish and Wildlife Service in decisions to sell salvaged timber. The Ninth Circuit held the document was not binding. Moreover, the document conflicted with the statutory provision that the Forest Service had no obligation to consider the views of other agencies before it approved a salvage sale as that discretion was vested solely in the Secretary of Agriculture. *Id.* at 1445 n.1 & 1449; *Inland Empire Public Lands Council v. Glickman*, 88 F.3d 697, 702 (9th Cir. 1996).

dredging project because the Army Corps didn't consider it." Pls.' Opp. Br. at 5. The APA requires agencies, in the first instance, to "consider[] the relevant factors and articulate[] a rational connection between the facts found and the choice made." *Baltimore Gas & Elec. Co. v. Natural Resources Defense Council, Inc.*, 462 U.S. 87, 105 (1983); *Wildlife Federation v. National Marine Fisheries Serv.*, 422 F.3d 782, 798 (9th Cir. 2005) ("[d]eference is not owed when the agency has completely failed to address some factor consideration of which was essential to making an informed decision") (quotation and citations omitted). Save one handwritten note, the record was silent on an important aspect of the agency's decision to conduct additional dredging near Plaintiffs' homes.

In its reply brief, the Federal Defendants emphasize that the Coronado Shoreline Report was prepared to determine whether the ACOE had jurisdiction to mitigate the erosion in Coronado under the Rivers and Harbors Act of 1899. That Act gives the ACOE authority to "investigate, study, plan, and implement structural and nonstructural measures for the prevention or mitigation of damages attributable to Federal navigation works." 33 U.S.C. §§ 426i(a); *e.g.*, *Save the Dunes Council v. Alexander*, 584 F.2d 158, 165 (7th Cir. 1978) (Congress enacted provision "to permit the Corps to apply its expertise and discretion to the problem of erosion damage caused by existing navigational structures."). By regulation, the ACOE established a general policy that it would not use this authority for construction of works for prevention or mitigation of shore damages such as those caused by . . . vessel generated wave wash." 33 C.F.R. § 263.27 (c)(1)(i). The Federal Defendants argue that the Court confused the Rivers and Harbors Act with the issue involved in Plaintiffs' fifth cause of action. They argue that the Coronado Shoreline Report answered the jurisdictional question in the negative because the erosion was caused by vessel generated wave wash.

The Court did not apply the Rivers and Harbors Act. The Federal Defendants' argument returns to its proposition that the Coronado Shoreline Report was an informal document that does not embody a change in policy and does carry the force of law, but the Court has already addressed that contention.

Second, they argue the Court should reverse its findings that the failure to disclose the Coronado Shoreline Report to the California Coastal Commission was a "separate" violation of the APA which "automatically" meant it violated the Coastal Zone Management Act ("CZMA") and governing regulations. 16 U.S.C. § 1456. Federal Defendants repeat their assertion that they gave the California Coastal Commission adequate information on the dredging project.

The Court rejects this recycled argument for the reasons stated in the original Order, and as articulately stated in the Plaintiffs' brief. Pls.' Opp. Br. at 6-7. The purposes of the CZMA include preserving, protecting, restoring, or enhancing coastal waters, including shorelines and beaches; minimizing the loss of life and property caused by improper development in erosion-prone areas; and encouraging cooperation and coordination between federal, state, and local agencies. 16 U.S.C. §§ 1452(1), (2)(B), (4), (5) & 1453(1). The statute fulfills those purposes by requiring federal activities to comply "to the maximum extent practicable" with the state's coastal management plans (here, the California Coastal Act) and require the federal agency to share information with the relevant state agency (here, the California Coastal Commission) on the planned federal activity. *Id.* § 1456(c)(1)(A). The California Coastal Commission is entitled to comprehensive information on reasonably foreseeable direct and indirect environmental effects. 15 C.F.R. § 930.33(a)(1), (d) ("Federal agencies shall broadly construe the effects test"); *id.* § 930.58 (when federal permit required, the state agency must receive "all material relevant to a State's management program"). The federal agency's consistency determination "must be based upon an evaluation of the relevant enforceable policies" of the California Coastal Act. 15 C.F.R. § 930.39(a) ("A description of this evaluation shall be included in the consistency determination, or provided to the State agency simultaneously with the consistency determination if the evaluation is contained in another document."). California's "management plan" contains at least two mandates that make information about the erosion of Coronado's shoreline that is jeopardizing the Plaintiffs' homes materially relevant to the ACOE's dredging project. One, state law mandates that

new development "shall" "assure stability and structural integrity, and neither create nor contribute significantly to erosion" of the coastal area. Cal. Pub. Res. Code § 30253(b). Two, feasible mitigation measures must be provided "to minimize adverse environmental effects" of dredging. *Id.* § 30233. Because Federal Defendants did not evaluate or inform the California Coastal Commission of the information contained in the Coronado Shoreline Report about ship wakes, deep sinks, and steep slopes, its decision was not in accordance with the CZMA.

In a related point, Federal Defendants move for reconsideration of the remedy to the extent it requires them to submit the Coronado Shoreline Report to the California Coastal Commission. The Court reaffirms its decision that this is an appropriate remedy that is tailored to the specific deficiency. *National Wildlife Federation v. National Marine Fisheries Service*, 524 F.3d 917, 937-38 (9th Cir. 2008) (remand with specific directions); *California Coastal Com'n v. United States*, 5 F. Supp. 2d 1106, 1111-12 (S.D. Cal. 1998) (enjoining Navy from offshore dumping of dredged materials until it complied with CZMA, including consideration of reports); *see* Pls.' Opp. Br. at 11-13 (collecting cases).

As a fourth point of disagreement, Federal Defendants ask the Court to reconsider its decision to supplement the administrative record with a declaration from Skelly and to reject documents submitted by the ACOE. The Court rejects the Federal Defendants' argument that they were "denied the opportunity to explain the irrelevance of the 2001 Coronado Shoreline Report." Mot. at 6. At the hearing, the Court asked the government about its "federal interest" argument and the Court addressed it in the Order. Nor did the Court conduct a "comparison" of the Plaintiffs' expert opinion with the ACOE's expertise. The Court explained that the agency's omission was evident from the face of the record, but used the expert testimony to illustrate the importance of the omission. *Asarco, Inc. v. United States EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980) ("It will often be impossible, especially when highly technical matters are involved, for the court to determine whether the agency took into consideration all relevant factors unless it looks outside the record to determine what matters the agency should have considered but did not.").

Fifth, Federal Defendants ask the Court to strike the unnecessary factual finding that the Plaintiffs are adversely affected by the dredging. The government states the "finding extends beyond the Court's powers." Mot. at 7. The Court's concluding paragraph must be read in the context of the decision on the fifth cause of action. The language merely recognizes that the Plaintiffs' homes are in serious jeopardy.

Finally, Federal Defendants argue the Court lacks jurisdiction to compel the Federal Defendants to perform mitigation. The Court did not identify any specific steps because mitigation, if any, is an issue for the ACOE and/or the California Coastal Commission to decide. The Order remanded the action to the agency and set a time line given the ongoing erosion under Plaintiffs' homes. *National Wildlife Federation*, 524 F.3d at 937 (setting deadline for remand in light of urgency).

## CONCLUSION

Based on the foregoing, the Court finds that Federal Defendants fail to demonstrate that they are entitled to relief pursuant to Federal Rule of Civil Procedure 60(b). Accordingly, the Court **DENIES** Federal Defendants' motion for reconsideration.

**IT IS SO ORDERED**.

DATED: June 8, 2010

Hon. Michael M. Anello
United States District Judge