UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLPR, LLC et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE SAN DIEGO UNIFIED PORT DISTRICT, and DOES 1 through 50, inclusive, UNITED STATES ARMY CORPS OF ENGINEERS and DOES 1 through 50, inclusive, <br><br> Defendants. | Civil No. 06cv1327-MMA (POR) <br><br> **ORDER DENYING PLAINTIFFS' MOTION TO PERMIT RELIANCE UPON EXPERT TESTIMONY AND LIMITED DISCOVERY AND VACATING DISCOVERY DEADLINES** <br><br> **[Document No. 242]** |

On July 23, 2010, Plaintiffs filed a Motion to Permit Reliance Upon Expert Testimony and Limited Discovery. (Doc. 242.) First, Plaintiffs contend expert testimony is necessary to assist the Court with technical issues in this action. (Id. at 2.) Second, Plaintiffs contend discovery is necessary because: (1) the administrative record is incomplete and insufficient to explain the United States Department of the Navy's (hereinafter Navy) decision; (2) the Navy relied upon documents and communications which are not in the record; and (3) the Navy acted in bad faith. (Id.)

On August 2, 2010, Defendant Navy filed an opposition, stating the Administrative Procedure Act, 5 U.S.C. sections 701-706, precludes the discovery Plaintiffs seek. (Doc. 257 at 1-2.)

On August 5, 2010, Plaintiffs filed a Reply. (Doc. 258.)

Generally, judicial review of agency action is limited to review of the administrative record.

1  See Animal Defense Council v. Hodel, 840 F.2d 1432, 1438 (9th Cir. 1988);Friends of the Earth v.
2  Hintz, 800 F.2d 822, 828 (9th Cir.1986).  However, certain circumstances may justify expanding
3  review beyond the record or permitting discovery.  Id.; See, e.g., Public Power Council v. Johnson,
4  674 F.2d 791, 793 (9th Cir.1982). The district court may inquire outside the administrative record
5  when necessary to explain the agency's action. Hodel, 840 F.2d at 1438.  "When such a failure to
6  explain agency action effectively frustrates judicial review, the court may 'obtain from the agency,
7  either through affidavits or testimony, such additional explanation of the reasons for the agency
8  decision as may prove necessary.'" Id. (quoting Camp v. Pitts, 411 U.S. 138, 143 (1973)). "The
9  court's inquiry outside the record is limited to determining whether the agency has considered all
10 relevant factors or has explained its course of conduct or grounds of decision." Id.

11      The district court may also inquire outside of the administrative record "when it appears the
12 agency has relied on documents or materials not included in the record."  Hodel, 840 F.2d at 1438
13 (quoting Camp, 411 U.S. at 143.)  Additionally, discovery may be permitted if supplementation of
14 the record is necessary to explain technical terms or complex subject matter involved in the agency
15 action. Id.

16      Based upon a review of the case law and the parties' pleadings, it is evident the discovery
17 issues raised in Plaintiffs' motion address the adequacy of the administrative record, and therefore
18 the merits of this case.  Accordingly, the questions Plaintiffs raise as to the factors and documents
19 considered by the Navy, as well as the technical or complex nature of this case, are matters properly
20 addressed by the judge reviewing the administrative record.  Here, this Court is not charged with
21 reviewing the administrative record.  Consequently, Plaintiff's motion cannot properly be decided
22 by Magistrate Judge Porter.  However, District Judge Anello will review the administrative record in
23 deciding the parties' cross-motions for summary judgment, set for a hearing on October 19, 2010.
24 (Doc. 237.)  Therefore, Plaintiffs' request to expand the administrative record through discovery
25 should be addressed to Judge Anello.

26      On a related note, on September 14, 2009, the Court granted Plaintiffs' and Defendant San
27 Diego Unified Port's Ex Parte Motion for Continuance of the February 17, 2009 Scheduling Order
28 Dates Regarding Claims Alleged Against the Port District.  (Doc. 174.)  On October 2, 2009,

1  District Judge Anello granted Plaintiffs' Motion to Remand Claims Alleged Against the San Diego
2  Unified Port District. (Doc. 182.)  Consequently, the Clerk terminated Defendant San Diego Unified
3  Port District as a party to this action. (Id.)  Therefore, the discovery dates set forth in the Court's
4  September 14, 2009 no longer apply in this case.
5       Accordingly, IT IS HEREBY ORDERED:
6  1. Plaintiffs' Motion to Permit Reliance Upon Expert Testimony and Limited Discovery
7  is hereby **DENIED** without prejudice.
8  2. The Court hereby confirms the dates set forth in Judge Anello's July 15, 2010
9  briefing schedule for the parties' cross-motions for summary judgment. (Doc. 237.)
10 3. Based upon the Court's denial of Plaintiffs' Motion to Permit Reliance Upon Expert
11 Testimony and Limited Discovery, and the inapplicability of the Court's discovery
12 deadlines set forth in its September 14, 2009 Order, the Court hereby **VACATES** the
13 discovery dates set forth in paragraphs 2-5 of the September 14, 2009 Scheduling
14 Order. (Doc. 174.)
15 **IT IS SO ORDERED.**

17 DATED: August 10, 2010

19                 LOUISA S PORTER
                United States Magistrate Judge

22 cc:     The Honorable Michael M. Anello
        all parties