# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLPR, LLC, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>THE SAN DIEGO UNIFIED PORT DISTRICT, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 06cv1327-MMA(POR)<br><br>**ORDER RE: PLAINTIFFS' OBJECTIONS TO AUGUST 10, 2010 ORDER OF UNITED STATES MAGISTRATE JUDGE**<br><br>[Doc. No. 266] |

　　　　This action arises out of events surrounding dredging of the Turning Basin in San Diego Bay by the United States Department of the Navy and the United States Army Corps of Engineers (collectively "Federal Defendants"). The case was referred to the assigned magistrate judge for determination of non-dispositive pretrial matters, including discovery, pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(b). On August 25, 2010, Plaintiffs timely filed objections to the magistrate judge's August 10, 2010 Order Denying Without Prejudice Plaintiffs' Motion to Permit Reliance upon Expert Testimony and Limited Discovery.[1] Plaintiffs object on the

---

[1] Under Rule 72(a), a party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. Fed. R. Civ. P. 72(a).

- 1 -　　　　　　　　　　　　　　　　　06cv1327

grounds that the order failed to address their discovery requests, and denied those requests without prejudice to the issues being raised before the undersigned in the context of dispositive motions.

Due to the nature of Plaintiffs' objections, and after a review of the papers filed in support of and opposition to Plaintiffs' discovery motion, the Court finds this matter suitable for disposition on the current record. Therefore, the Court exercises its discretion to rule on Plaintiffs' objections without solicitation of further briefing and without oral argument from the parties. *See* Civ. L.R. 7.1.d.1.

## DISCUSSION

District court review of magistrate judge orders on non-dispositive motions is limited. Discovery motions, such as the motion at issue here, are considered non-dispositive. *See* 28 U.S.C. § 636(b)(1)(A); Civ. Loc. R. 72.1(b). A district judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate [judge]'s order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Proc. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions. *Computer Economics, Inc. v. Gartner Group, Inc*., 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). The "contrary to law" standard applies to a magistrate judge's purely legal determinations. *Id.* This essentially amounts to an abuse of discretion standard. *See Foster v. Skinner*, 70 F.3d 1084, 1087 (9th Cir. 1995) ("An abuse of discretion occurs if the district court does not apply the correct law or rests its decision on a clearly erroneous finding of fact.").

To the extent Plaintiffs object to that portion of the August 10, 2010 order deferring ruling on the merits of the discovery issue, the Court finds that the magistrate judge did not clearly err or act contrary to law, nor did she abuse the broad discretion she exercises in this action over discovery and general case management. However, the Court notes that the magistrate judge would have been acting within her discretion in determining the merits of Plaintiffs' discovery requests, as she has presided over discovery in this case, including the production of the administrative record, since October 11, 2006 [Doc. No. 11], and she previously has negotiated complex discovery disputes involving administrative records in cases similarly situated to the one at bar. *See, e.g., Center for Biological Diversity v. Federal Highway Admin.*, No. 01-cv-1876-JM (POR), 2002 WL 32307826

1  (S.D. Cal. Nov. 19, 2002) adopted, 290 F.Supp.2d 1175 (S.D. Cal. 2003) (granting in part and
2  denying in part plaintiffs' discovery requests in an Administrative Procedure Act case with pending
3  dispositive motions).

4  With respect to the merits of Plaintiffs' discovery requests, the Court finds that Plaintiffs are
5  not entitled to conduct any discovery in this matter. Because Plaintiffs' claims against Federal
6  Defendants are brought under the Administrative Procedures Act ("APA"), the APA standard of
7  review applies, which generally limits this Court to determining agency compliance with the law
8  solely on the administrative record on which the decision was made. *Center for Biological Diversity*
9  *v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 934 n.4 (9th Cir. 2006). This limited review was
10 recently reaffirmed by the Ninth Circuit in a unanimous en banc decision. *See The Lands Council v.*
11 *McNair*, 537 F.3d 981, 2008 WL 2640001, *9 (9th Cir. 2008) (en banc). Accordingly, "[t]he focal
12 point for judicial review should be the administrative record already in existence, not some new
13 record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Southwest*
14 *Center for Biological Diversity v. U.S. Forest Service*, 100 F.3d 1443, 1450 (9th Cir. 1996).

15 Plaintiffs assert, and the Court considers, that there are four exceptions to this rule which are
16 narrowly construed: (1) if the agency has failed to explain its actions so as to frustrate judicial
17 review; (2) if necessary to determine whether the agency considered relevant factors; (3) if the
18 agency relied on materials not in the record; or (4) upon a showing of bad faith. *Southwest Center*
19 *for Biological Diversity*, 100 F.3d at 1450. These exceptions, however, are to be applied sparingly.
20 *Rybachek v. EPA*, 904 F.2d 1276, 1296 n.25 (9th Cir.1990); *see also Animal Defense Council v.*
21 *Hodel*, 840 F.2d 1432, 1436-38 (9th Cir. 1988) (limited review to administrative record and
22 prohibited discovery where plaintiffs failed to demonstrate administrative record was insufficient for
23 review or show one of the four exceptions applied), modified, 867 F.2d, 1244 (9th Cir. 1989).

24 Plaintiffs attempt to couch their discovery requests in terms of the above four exceptions.
25 Plaintiffs make allegations of bad faith, however the true essence of Plaintiffs' argument is that
26 Federal Defendants have failed to produce a complete administrative record and are withholding
27 from the record documents potentially in their possession. Plaintiffs argue that in its current state
28 the administrative record is insufficient to explain the agency's erroneous decision to proceed with

dredging. Thus, Plaintiffs seek discovery on the ground that the administrative record is incomplete, and make several specific discovery requests, including the following: (1) additional expert testimony; (2) a 1955 Army Corps of Engineering ("ACOE") report; (3) identification of the area in front of First Street, Coronado, California, as a "shelf;" (4) an August 27, 2004 study on eelgrass coverage and a June 10, 2005 follow up study; (5) 2008 SEIS and SPAWAR studies; (6) information regarding dredging at a seventy foot depth; (7) the effect of eddies; (8) a 2003 ACOE report regarding shoreline erosion due to dredging; (9) a briefing by Admiral Mosey regarding the erosion; and (10) aerial photos used in a 2000 ACOE report.

Federal Defendants contend that Plaintiffs have not demonstrated exceptional circumstances justifying discovery, particularly not bad faith, and the Court agrees. "It is not enough that discovery sought 'might have supplied a fuller record' if the discovery would not address new issues." *Friends of the Earth v. Hintz*, 800 F.2d at 829 (9th Cir. 1986). Plaintiffs have failed to establish that the present record "is so inadequate that judicial review would be 'effectively frustrat[ed].'" *Center for Biological Diversity v. Federal Highway Admin.*, No. 01-cv-1876-JM (POR), 2002 WL 32307826 at *4 (S.D. Cal. Nov. 19, 2002), adopted, 290 F.Supp.2d 1175 (S.D. Cal.2003). As one court recently held:

> Federal Defendants are not required to produce, in an administrative record, every scrap of relevant paper. Indeed, the court would not want to review such a record. Rather, federal defendants are required to produce the administrative record on which the agency relied, either directly or indirectly, in reaching the . . . issue herein. While plaintiffs are correct that the agency should not be permitted to edit or selectively produce documents, particularly those that may conflict . . . , absent unique circumstances not demonstrated here, this court will not order discovery to expand the record beyond the record the agency considered in reaching its decision. Plaintiffs have not met their burden to warrant the grant of such broad discovery.

*S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, 2008 U.S. Dist. LEXIS 78328, 17-18 (E.D. Cal. Aug. 25, 2008).

The Court also finds it noteworthy that Plaintiffs have made repeated affirmative representations on the record that they recognize discovery is generally disallowed in APA cases and that they did not intend to pursue discovery in this case, and to that end sought to have remaining,

related deadlines in the Court's case management order vacated.[2]  Plaintiffs' sole explanation for the apparent change in litigation strategy which resulted in the current discovery dispute is that Federal Defendants have failed to "cooperate."  *See Andelin Decl'n.*, ¶ 12.  Without further explanation, this assertion undermines the legitimacy of Plaintiffs' discovery requests.

### CONCLUSION

Based on the foregoing, the Court **OVERRULES** Plaintiffs' objections to the assigned magistrate judge's August 10, 2010 order.  In addition, the Court **DENIES** Plaintiffs' discovery motion in its entirety.

**IT IS SO ORDERED**.

DATED:  August 27, 2010

*[signature]*

Hon. Michael M. Anello
United States District Judge

---

[2] *See July 12, 2010 Ex Parte Motion to Vacate Discovery and Expert Report Disclosure Deadlines*, Doc. No. 234, p. 2 ("None of the parties have engaged in, or, at this time, intend to engage in discovery apart from the government's production of the administrative record, which has already occurred. Plaintiffs have already disclosed their intended expert witnesses to Defendants."); *see Declaration of Lee M. Andelin In Support of Plaintiffs' Ex Parte Motion to Vacate Discovery and Expert Report Disclosure Deadlines*, ¶ 3 ("Counsel for the defendants stated to me on numerous occasions that they do not believe that there may be any discovery in a case under the Administrative Procedure Act ("APA") and, therefore, did not oppose vacating discovery deadlines such as the present matter. In fact, counsel has suggested that discovery deadlines should be vacated. However, after several exchanges of drafts, the parties were unable to agree upon precise language for the ex parte motion."); *see November 18, 2008 Points and Authorities on Behalf of the Plaintiffs and the San Diego Unified Port District in Support of Motion to Amend the March 7, 2008 Scheduling Order*, Doc. No. 118-1, p. 3 ("The claims alleged against the Federal Defendants are under the Administrative Procedure Act ("APA") which are generally governed by an administrative record and resolved by motion. The administrative records for this case have already been produced and motions between the Plaintiffs and Federal Defendants are pending before the Court. Even though Plaintiffs propose extending the motion cut-off date, there is no limitation on the Federal Defendants' ability to bring additional dispositive motions at an earlier date. Amending the scheduling order would not prejudice the Federal Defendants.").